**SEALED**

**LODGED**

AUG 12 2010

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
DEPUTY CLERK



FILED

AUG 12 2010

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
DEPUTY CLERK

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

| | |
|---|---|
| DISH NETWORK L.L.C., a Colorado Limited Liability Company, ECHOSTAR TECHNOLOGIES L.L.C., a Texas Limited Liability Company, and NAGRASTAR L.L.C., a Colorado Limited Liability Company,<br><br>Plaintiffs<br><br>v.<br><br>CARLOS FLORES an individual, aka "karloz25" dba www.fta-spot.com and The Media Creative Group ("TMC")<br><br>Defendant | CASE NO: 1 0 CV 0 0 1 4 4 3 LJO GSA<br><br>[Proposed] ORDER TEMPORARILY SEALING CASE AND TEMPORARILY EXEMPTING CIVIL ACTION FROM ELECTRONIC FILING |

**WHEREAS**, The Plaintiffs, DISH Network, L.L.C. ("DISH Network"), EchoStar Technologies, L.L.C. ("EchoStar Technologies"), and NagraStar, L.L.C. ("NagraStar") have made an *ex parte* motion seeking to temporarily seal this civil action and seeking to temporarily exempt this civil action from the requirements of electronic filing; and

**WHEREAS**, the Court having read and duly considered the said motion and the other documentation in support of the motion.

The Court hereby makes the particularized findings that:

1. The Defendant is the type of defendant who would be likely to hide, remove or destroy evidence if he receives notice of the Plaintiffs' pending motions;

2. The Defendant is the type of defendant who would have been known to monitor the federal electronic filing system, at least as to cases related to cable and satellite television;

3. It would be more prudent to temporarily utilize hardcopy filing rather than utilizing the electronic filing system for the voluminous initial filings made by the Plaintiffs; and

4. Based upon these findings and based upon federal case law authority, I find that there is good cause to ~~temporarily exempt the case from the electronic filing system and~~ seal this case in its entirety, including all of the documents, the names of the parties and the docket, until the civil seizure/impoundment order the Plaintiffs are seeking is executed ~~and until the Plaintiffs execute their civil seizure order in a related case in the District of Nevada, DISH Network et al v. Darryl Polo~~, or until further order of this Court.

**NOW, THEREFORE,** it is hereby **ORDERED,** that

This civil action, in its entirety shall be sealed. This sealing of the case shall include the names of the parties, the docket entries (including court orders), all of the documents filed by the Plaintiffs, and all other entries or filings until the civil seizure/impoundment order the Plaintiffs are seeking is executed ~~and until the Plaintiffs execute their civil seizure order in the related case in the District of Nevada, DISH Network et al v. Darryl Polo~~ or until further order of this court. *Once the entire case is sealed, there is no need to exempt it from electronic filing. The Clerk shall maintain this case under seal with the electronic filing caption of SEALED v. SEALED pending*

Dated: *further order*.       **SO ORDERED:**

*8-12-10*       [signature]
United States District Judge

*The motion to exempt from electronic filing is DENIED*

Order to Temporarily Seal and Exempt from CM/ECF

2